GOTHARD, Judge.
This appeal arises from two suits filed by the same parties against each other and later consolidated. The first suit, 92-CA-559 was filed in the 24th J.D.C., and the second, 92-CA-560, was filed in the 19th J.D.C. Only appeal 92-CA-560 is before this court, as no appeal was perfected from the judgment in 92-CA-559.
On December 12, 1991, Judge Saia of the 19th J.D.C. signed a judgment sustaining plaintiff K. Nigel Fox’s exception of pre *591 scription and dismissing the reconventional demand of Joseph T. Dupree, III, Steven Todd Miller, and Coastal Corrosion Control, Inc. (“Coastal”). On January 17, 1992, on motion of Coastal, Judge Saia ordered the suit transferred to the 24th J.D.C. on grounds of forum non conveniens. On February 18, 1992, Coastal filed a petition for appeal from the December 12, 1991 judgment in the 24th J.D.C. On the same day a judge of the 24th J.D.C. ordered the two suits consolidated.
On June 22, 1992, Fox filed a motion in this court to dismiss the appeal. Another panel of the court ordered that the motion be referred to the merits and set for hearing on this court’s regular docket.
Fox bases his motion to dismiss on appellants’ alleged failure to comply with La. C.C.P. art. 2121, in that the petition for appeal was not filed timely and the order of appeal was not obtained from the court which rendered the judgment. Therefore, he argues, the Fifth Circuit is without jurisdiction to review the judgment, which was rendered by a court outside its circuit.
Coastal, in its memorandum in opposition, argues that the petition for appeal was timely. We agree. Judgment was signed December 12, 1991, after which Coastal had seven days, exclusive of legal holidays, or until December 23, 1991, to apply for a new trial. La.C.C.P. art. 1974. Thereafter, Coastal had sixty days, or until February 21, 1992, to take a devolutive appeal. La.C.C.P. art. 2087(A)(1). The petition for appeal was filed on February 18, 1992, while the delay for appealing expired on February 21, 1992.
Coastal explained that it was placed in the position of having to file its petition of appeal in the 24th J.D.C. because of complications connected with the order for transfer. The record was being prepared for transfer and was closed in the 19th J.D.C. while the delay was running. Counsel reasoned that, since the case had been ordered transferred to the 24th J.D.C. and would be consolidated for trial with the earlier suit, the appeal was properly filed in that court.
La.C.C.P. art. 2121 requires that an order for appeal must be obtained “... within the delay allowed, from the court which rendered the judgment.” This wording of the law has remained unchanged since the adoption of the Louisiana Code of Civil Procedure, effective January 1, 1961. We therefore hold that this court is without jurisdiction to entertain this appeal. As it was filed timely, we transfer the matter to the proper circuit, as allowed by La.C.C.P. art. 2162. Accordingly,
IT IS ORDERED:
That the above captioned appeal be transferred to the First Circuit Court of Appeal.
APPEAL TRANSFERRED TO THE FIRST CIRCUIT COURT OF APPEAL.