633 So.2d 612 (1993)
K. Nigel FOX
v.
Joseph T. DUPREE, III, et al.
No. 93 CA 0120.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied March 25, 1994.
*613 Robert G. Coury, Woodsfield, OH, for plaintiff and appellee K. Nigel Fox.
Raymond P. Ladouceur, New Orleans, for defendants and appellants Joseph T. Dupree, III, Steven Todd Miller and Coastal Corrosion Control, Inc.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Joseph T. Dupree, III, Steven Todd Miller, and Coastal Corrosion Control, Inc. (defendants), filed a reconventional demand against K. Nigel Fox (plaintiff) alleging violations of the Louisiana Loan Brokers' statute.[1] The trial judge considered defendants' reconventional demand as one unfair trade practice claim and dismissed the petition based on a one-year prescriptive term.[2] In oral reasons, the trial judge stated: "[A] year is a year. And I sustain the exception of prescription. I think it's all one area, and I think it's prescribed."
Defendants contend the trial court legally erred by interpreting the Loan Brokers' statute as providing only one cause of action with *614 a one-year prescriptive term.[3] Rather, defendants contend the statute provides unfair trade practice as a cause of action in addition to other remedies provided by law.
Louisiana Revised Statute 51:1915 provides:
A. Violation of any of the provisions of this Chapter shall constitute an unfair practice under R.S. 51:1405(A).
B. If a loan broker uses any untrue or misleading statements in connection with a loan brokerage contract, fails to fully comply with the requirements of this Chapter, fails to comply with the terms of the contract or any obligation arising therefrom, or fails to make diligent effort to obtain or procure a loan on behalf of the prospective borrower, then, upon written notice to the broker, the prospective borrower may void the contract, and shall be entitled to receive from the broker all sums paid to the broker, and recover any additional damages including attorney's fees.
C. Any contract for loan brokering services is unenforceable against the prospective borrower and a violation of this Chapter if it contains any provisions whereby the prospective borrower agrees to waive any requirements of this Chapter.
D. The remedies provided herein shall be in addition to any other remedies provided for by law.
E. Loan brokers must provide substantiation for advertising claims or other representations made to solicit business upon request of a district attorney, the attorney general or the director of the office of consumer protection.
The statute expressly allows an unfair trade practice action in subsection A; subsections B and C provide contractual remedies, and subsection D states that the remedies provided are in addition to any other remedies provided by law. Clearly, a party is not limited to only one cause of action. The statute allows contractual and tort remedies, and any other remedies provided by law. Defendants' reconventional demand alleges both contract and tort claims, including rescission of the fee agreement, rescission of the option contract, breach of fiduciary duty, and misrepresentation. The trial court erred in dismissing all of these claims under the one-year prescriptive term provided for private actions for unfair trade practices in Revised Statute 51:1409(E).
The trial court also erred in dismissing any unfair trade practice claims as prescribed. An unfair trade practice claim "prescribes" one year from the transaction or act which gives rise to the right of action. LSA-R.S. 51:1409(E). This court has construed the one-year period as peremptive, rather than prescriptive. Spencer-Wallington, Inc. v. Service Merchandise, Inc., 562 So.2d 1060 (La.App. 1st Cir.), writ denied, 567 So.2d 109 (La.1990); Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir.1992), writs denied, 612 So.2d 37, 38, and 101 (La.1993). As construed, the term is not subject to interruption or suspension, even if the aggrieved party was unaware of acts giving rise to the right of action. Canal Marine Supply, Inc. v. Outboard Marine Corp., 522 So.2d 1201 (La.App. 4th Cir.1988).
Plaintiff's alleged failure to comply with the bond filing and disclosure requirements of the Loan Brokers' statute was a continuing violation of the statute. Every day he was not in compliance with the law, plaintiff violated the statute. The law provides that a violation of the statute is an unfair trade practice. LSA-R.S. 51:1915(A). The private right of action for an unfair trade practice perempts one year from the date the transaction or act giving rise to the right of action. LSA-R.S. 51:1409(E). In this case, violation of the Loan Brokers' statute gives rise to an unfair trade practice claim. The peremptive term could not even begin to run until a loan broker complied with the law because every day he is in violation gives rise to a new right of action for an unfair trade practice.
The trial judge committed legal error by dismissing defendants' reconventional demand *615 as prescribed. Because this case was transferred to the Twenty-Fourth Judicial District Court after the judgment on the reconventional demand was rendered, this case is remanded to that court for further proceedings. Costs of this appeal are assessed to the plaintiff.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 51:1910-1916.
[2] Defendants filed the reconventional demand in the present action on September 12, 1991. However, defendants were plaintiffs in a virtually identical lawsuit filed in Jefferson Parish on February 27, 1991, against plaintiff in this matter. After dismissing defendants' reconventional demand, the trial judge transferred this lawsuit to Jefferson Parish and the two lawsuits were consolidated. This appeal was originally filed in the court of appeal, fifth circuit, which transferred the appeal to this circuit. Coastal Corrosion Control, Inc. v. Fox, 606 So.2d 590 (La.App. 5th Cir.), writ denied, 609 So.2d 257 (La.1992).
[3] The trial court overruled plaintiff's exceptions of no cause of action and no right of action. That portion of the judgment is not before us.