745 So.2d 1194 (1999)
CAPITOL HOUSE PRESERVATION COMPANY, L.L.C.
v.
PERRYMAN CONSULTANTS, INCORPORATED; Mr. M. Ray Perryman; XYZ Insurance Company; and TUV Insurance Company.
No. 98 CA 2216.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
Writ Denied February 11, 2000.
Charles S. Lambert, Jr., Baton Rouge, LA, for Capitol House Preservation Co., L.L.C., Plaintiff-Appellant.
Marc S. Whitfield, Baton Rouge, LA, for Catfish Queen Partnership in Commendam, Argosy of Louisiana, Inc., and Argosy Gaming Company, Defendants-Appellees.
Jeanne C. Comeaux, Baton Rouge, LA, for Steve Urie, Mark Bradley, Paula Bradley, Ronald Johnson, and Lodging System, Inc., Defendants.
Kirk Bergeron, Baton Rouge, LA, for Perryman Consultants, Inc., and M. Ray Perryman, Defendants.
BEFORE: SHORTESS, PARRO, and KUHN, JJ.
SHORTESS, J.
On July 10, 1995, Capitol House Preservation Company, L.L.C. (plaintiff) sued M. Ray Perryman and Perryman Consultants, Inc., for violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (UTPL), Louisiana Revised Statutes 51:1401 through 1419. On July 18, 1995, *1195 plaintiff filed suit in federal court against Catfish Queen Partnership in Commendam, Argosy of Louisiana, Inc., and Argosy Gaming Company (the Argosy defendants), as well as Jazz Enterprises, Inc., Steve Urie, Margaret Urie, Mark Bradley, Paula Bradley, Ronald Johnson, Marilyn Johnson, and Lodging Systems, Inc., alleging violations of the Organized Crime Control Act of 1970, Racketeer Influenced and Corrupt Organizations (RICO), 18 U.S.C. §§ 1961 through 1968, the UTPL, and Louisiana tort law. On November 26, 1997, while the federal suit was pending, plaintiff amended the state court suit to add the Argosy defendants, as well as Jazz Enterprises, Inc., Steve Urie, Mark Bradley, Paula Bradley, Ronald Johnson, and Lodging Systems, Inc., alleging violations of the UTPL. The federal suit was dismissed without prejudice on December 20, 1997.
All nine of the defendants added to the state court suit filed exceptions of prescription. The Argosy defendants and Jazz also filed exceptions of peremption and no cause of action. The trial court granted the Argosy defendants' exceptions but denied the exceptions of the other six defendants. Plaintiff appeals the dismissal of the Argosy defendants.
Plaintiff is the successor in interest to Lady Luck Baton Rouge Casino, Inc., an unsuccessful applicant for a riverboat-gaming license in Baton Rouge. The nine defendants added in the amended petition are the shareholders and principals of the two successful riverboat-gaming license applicants. In the lengthy and detailed amended petition, plaintiff alleges that these defendants (1) all conspired and participated in a scheme to defraud for the purpose of obtaining riverboat-gaming licenses, (2) violated the Louisiana Riverboat Economic Development and Gaming Control Act (Riverboat Act), and (3) violated their continuing duty to disclose fraudulent and misleading material information submitted to the Louisiana Gaming Enforcement Division, all of which constituted unfair and deceptive trade practices.
Revised Statute 51:1409(E) provides that an action for violation of the UTPL "shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action." Louisiana courts have held this statute is peremptive.[1] Louisiana Civil Code article 3461 provides that a peremptive period cannot be renounced, interrupted, or suspended. The comments to that article provide, however, that when an action asserting a right subject to peremption has been timely commenced in a court of competent jurisdiction and venue, the right has been exercised, and the lapse of the peremptive period does not extinguish the right as long as the action is pending.[2]
In this case, the trial court held the peremptive period began to run on July 18, 1994, the day the licenses were granted. The federal court suit asserting claims under the UTPL was filed on July 18, 1995. The trial court found, however, that because the federal suit did not assert UTPL claims against the Argosy defendants, and because peremption cannot be renounced, interrupted, or suspended, plaintiff's assertion of a timely claim against solidarity liable co-defendants could not interrupt the peremptive period as to the Argosy defendants.
Plaintiff contends the trial court is wrong for two reasons: 1) it did assert UTPL claims against the Argosy defendants in the federal suit; and 2) the peremptive period did not lapse on July 18, 1995, but continues to run because defendants continue to violate the UTPL.
*1196 In support of its first contention, plaintiff relies on the preliminary statement and prayer of the federal complaint. The preliminary statement lists all the defendants and states the "relief sought includes tort damages based on traditional state law causes of action, violation of the Unfair Trade Practice Act and treble damages pursuant to 18 U.S.C.1961, et seq." Paragraph 2 of the prayer requests damages against all defendants for various causes of action, including, in Paragraph 2(b), damages "[i]n the amount that is reasonable in the premises, in accordance with La.R.S. 51:1409(A) and state tort law...." Plaintiff contends that naming the Argosy defendants in these two portions of the complaint, in paragraphs wherein the UTPL is mentioned, was a timely assertion of a UTPL claim against them.
Pursuant to federal notice-pleading requirements[3] and the traditional form of federal court pleading, however, the complaint is divided into ten counts. Counts one through eight allege RICO violations, count nine alleges violations of UTPL, and count ten alleges professional negligence by an unnamed certified public accounting firm. Each count alleges specific acts performed by specific parties. Count nine alleges that Urie, Bradley, Johnson, Lodging Systems, and Jazz violated the UTPL. None of the Argosy defendants are named in count nine, and nowhere else in the 300 numbered paragraphs comprising the sixty-four-page complaint is the UTPL mentioned. We find no error in the trial court's implicit finding that listing the Argosy defendants in the preliminary statement and the general prayer for relief was not sufficient to assert a UTPL claim against them, particularly in view of the pleading requirements of federal court and the explicit listing of the other defendants in count nine.
Plaintiff asserts, however, that even if a UTPL claim was not asserted against the Argosy defendants in the federal suit, the trial court erred in finding the peremptive period for plaintiff's UTPL claims began to run on July 18, 1994, and lapsed on July 18, 1995. Plaintiff contends that the Argosy defendants' actions in violating the Riverboat Act by failing to disclose fraudulent and misleading material information submitted to the Division constituted a continuing tort, and the peremptive period begins to run anew each day as long as the Argosy defendants continue to withhold that information.
As noted above, the trial court denied the exceptions of prescription of the six defendants who were named in count nine of the federal suit. Those defendants applied for supervisory writs to this court. In denying defendants' writ, another panel of this court addressed the issue of whether plaintiff alleged a continuing tort and whether the peremptive period had lapsed. This court found the tort was continuing and the claims were not perempted, stating:
We find defendants, alleged to be shareholders and principals of an entity awarded a riverboat license, are "persons" who have a duty to disclose under La.R.S. 27:70(C). The duty to disclose violations of the Riverboat ... Act under La.R.S. 27:70(C) is a continuing one which does not end with the receipt of a license and is equally applicable whether a "person" is an applicant, or, subsequently, a licensee. Each day that a "person" fails to disclose a violation of the Act of which he is aware constitutes a new breach of the statutory duty to disclose which breach continues anew each day until the disclosure occurs. Each day the defendants, as applicants or as licensees, failed to disclose the alleged misrepresentations, even after July 18, 1994, constituted a new violation of the statutory duty and may constitute an unfair trade practice should the trial court so find. Thus, the one year peremptive period applicable to *1197 an unfair trade practice claim begins to run anew each day La.R.S. 27:70(C) has been violated by the failure to disclose as mandated by the statute.
... Defendants did not present any evidence to controvert [plaintiff's] allegations of misrepresentations, the failure to disclose the misrepresentations, and the continued failure to disclose the alleged misrepresentations.... [Plaintiff's] petition alleges a breach of a statutory duty to disclose which has continued each and every day since the alleged misrepresentations occurred, even after the award of the licenses on July 18, 1994, and which breach therefore occurred well within the one year period prior to the filing of the federal suit on July 18, 1995. As such, the instant suit is not perempted.[4]
In South Central Bell Telephone Company v. Texaco,[5] the Louisiana Supreme Court recognized the concept of a continuing tort. The court stated that "[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated.... Where the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage."
In two cases involving violation of the UTPL, this court has held that where the unfair trade practice alleged is the violation of a statute, the peremptive period of Revised Statute 51:1409(E) cannot begin to run as long as the alleged violations continue. In Fox v. Dupree,[6] this court recognized that a defendant who failed to comply with the disclosure requirements of a particular statute and thereby violated the UTPL committed a new violation every day he failed to make the statutorily-required disclosure. Thus, the "peremptive term could not even begin to run until [the defendant] complied with the law because every day he is in violation gives rise to a new right of action for an unfair trade practice."
In Benton, Benton & Benton v. Louisiana Public Facilities Authority,[7] this court again applied the continuing-tort rule to allegations of unfair trade practices. The court stated, "Appellants contend that violation of the statute continues even at the present time. Consequently, the peremptive period cannot begin to run as long as the alleged violations continue."
Considering the foregoing legal principles and this court's earlier ruling on the writ,[8] we must reverse the judgment of the trial court granting the exceptions of Catfish Queen Partnership in Commendam, Argosy of Louisiana, Inc., and Argosy Gaming Company.
This entire dispute arises from alleged machinations in the riverboat-gaming-licensing process, allegations that should have been investigated and addressed by the Louisiana Gaming Control Board, which has exclusive regulatory authority, control, and jurisdiction over all aspects of gaming activities and operations in this *1198 state.[9] However, this suit presents a civil claim for monetary damages, and jurisdiction is properly vested in the district court, which has original jurisdiction over all civil matters.[10] Thus, we are constrained to remand this case to the district court for further proceedings. Costs of this appeal are taxed to Catfish Queen Partnership in Commendam, Argosy of Louisiana, Inc., and Argosy Gaming Company.
REVERSED AND REMANDED.
NOTES
[1] Capitol House Preservation Co. v. Perryman Consultants, 98-1514, p. 5 (La.App. 1st Cir.12/10/98), 725 So.2d 523, 526, writ denied, 99-0548 (La.4/9/99), 740 So.2d 637; Fox v. Dupree, 633 So.2d 612, 614 (La.App. 1st Cir. 1993), writ denied, 94-0296 (La.3/25/94), 635 So.2d 233.
[2] Louisiana Civil Code article 3461, Revision Comments1982, comment c.
[3] F.R.C.P.8.
[4] Capitol House, 98-1514 at 8-9, 725 So.2d at 528. (Footnotes omitted.)
[5] 418 So.2d 531, 533 (La.1982).
[6] 633 So.2d 612, 614 (La.App. 1st Cir.1993), writ denied, 94-0296 (La.3/25/94), 635 So.2d 233.
[7] 95-1367, pp. 4-5 (La.App. 1st Cir.4/4/96), 672 So.2d 720, 723, writ denied, 96-1445 (La.9/13/96), 679 So.2d 110.
[8] Under the law-of-the-case doctrine, an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. Petition of Sewerage & Water Bd., 278 So.2d 81, 83 (La.1973); Jones v. McDonald's Corp., 97-2287, pp. 4-5 (La.App. 1st Cir.11/6/98), 723 So.2d 492, 494, writ not considered, 98-3057 (La.215/99), 737 So.2d 738. This doctrine applies with equal force to writ decisions as it does to judgments rendered at the conclusion of the appellate process. Dupre v. Maynard, 96-1183, p. 3 (La. App. 1st Cir.3/27/97), 692 So.2d 36, 38, writ denied, 97-1508 (La.9/26/97), 701 So.2d 986.
[9] La.R.S. 27:15(B)(1).
[10] La. Const. art 5, § 16.