836 So.2d 680 (2002)
CAPITOL HOUSE PRESERVATION COMPANY, L.L.C.
v.
PERRYMAN CONSULTANTS, INCORPORATED; Mr. M. Ray Perryman; XYZ Insurance Company; and TUV Insurance Company.
No. 2001 CW 2524R.
Court of Appeal of Louisiana, First Circuit.
December 31, 2002.
*681 Charles S. Lambert, Jr., Baton Rouge, for Plaintiff Capitol House Preservation Company, L.L.C.
Marc S. Whitfield, Baton Rouge, for Defendants Argosy Gaming Company, Argosy of Louisiana, Inc., Catfish Queen Partnership in Commendam, Jazz Enterprises, Inc.
Jeanne C. Comeaux, Baton Rouge, for Defendants Ron Johnson, Mark Bradley, Paula Bradley.
Charles M. Gordon, Jr., Baton Rouge, for Defendants Steve Urie Lodging Systems, Inc.
L. Rand Dennis, Baton Rouge, for Defendant Louisiana State Police Riverboat Gaming.
Before: FOIL, PETTIGREW and GAIDRY, JJ.
FOIL, J.
This writ application attacks a trial court's denial of exceptions urging lack of subject matter jurisdiction and no cause of action. We find no error in the trial court's ruling, and deny the writ.

FACTUAL AND PROCEDURAL BACKGROUND
The facts forming the basis for the instant appeal have been summarized by this *682 court on two prior occasions, and are as follows: In 1993, three applicants, Lady Luck Baton Rouge Casino, Inc., Jazz Enterprises, Inc., and Louisiana Casino Cruises, Inc., were vying for two riverboat gaming licenses to be awarded in East Baton Rouge Parish. Jazz and Argosy Gaming Company entered into an agreement to submit a joint application for the license as the Catfish Queen Partnership.
Hearings were held in 1994 before the Gaming Enforcement Division of the Louisiana State Police (Division), during which the applicants were afforded an opportunity to make presentations. Perryman Consultants, Inc., which was hired to rank the applicants according to which was best qualified, ranked the Catfish Queen Partnership first, Louisiana Casino Cruises second and Lady Luck third. On July 18, 1994, the Division awarded licenses to Jazz/Catfish Queen and Louisiana Casino Cruises, Inc.
In the order denying Lady Luck's license application, the Division stated that since the applicants that were ranked first and second in the Perryman study met the requirements of the Louisiana Gaming Act, it was not necessary to rule on Lady Luck's suitability at that time. It further stated that the license was denied because all 15 licenses authorized by the gaming law had been issued.
Lady Luck filed a motion to have the Division consider its suitability, which was granted. The Division later issued supplemental reasons for the permit denial, finding that Lady Luck was suitable. The Division again noted that Lady Luck ranked third among the applicants. Lady Luck did not appeal the Division's denial of its permit.
On July 10, 1995, Capitol House, as the successor in interest to Lady Luck, filed the instant lawsuit in the 19th Judicial District Court against Perryman Consultants, alleging a violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (UTPL), La. R.S. 51:1401-1419 and negligence. On November 26, 1997, Capitol House amended its petition to add as defendants Jazz Enterprises, Inc., Catfish Queen Partnership, Argosy, and their principals, asserting claims of negligence and unfair trade practices. Specifically, Capitol House claimed the defendants made numerous false and/or misleading representations about themselves and about Capitol House in their application for a license, at various points during the application process, and during the hearings on the applications. Capitol House sought to recover the loss of its investments spent in pursuit of the license, the value of a gaming license, lost profits and future lost profits of its business and riverboat project, as well as attorney's fees and costs.
The individual defendants filed a peremptory exception urging the exception of prescription. Jazz, Argosy and Catfish Queen filed exceptions of no cause of action, preemption and prescription, all alleging Capitol House's claims were time barred. The trial court granted the Argosy defendants' exceptions but denied the remaining defendants' exceptions. These decisions spurned a writ application and an appeal seeking the supervisory jurisdiction of this court. Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc., 98-1514 (La.App. 1 Cir. 12/10/98), 725 So.2d 523 (hereafter referred to as Capitol House I) and Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc., 98-2216 (La.App. 1 Cir. 11/5/99), 745 So.2d 1194, writ denied, XXXX-XXXX (La.2/11/00), 754 So.2d 937 (hereafter referred to as Capitol House II).
The instant writ application involves defendants' exceptions of no cause of action *683 and lack of subject matter jurisdiction. Defendants insist that the trial court may not award damages to Capitol House because it lacks original jurisdiction and authority to review the alleged misconduct and to investigate and render a decision as to which applicants should have been awarded a riverboat license. With respect to the no cause of action exception, defendants submit that even if the trial court had jurisdiction over the case, Capitol House is precluded from contesting the decision rendered by the Division because it failed to exhaust administrative remedies regarding the denial of its application for a license.
The trial court denied the exceptions, concluding that although Capitol House's suit did attack the failure to receive a gaming license, the case was not actually about licensing, but was about monetary damages, a matter within the jurisdiction of the court.
On October 24, 2001, defendants filed a writ application with this court seeking review of the trial court's ruling on the exceptions. This court denied the writ; however, the Louisiana Supreme Court granted defendants' writ application and remanded the case to this court for briefing, argument and an opinion. Capitol House Presentation Company, L.L.C. v. Perryman Consultants, Inc., XXXX-XXXX (La.6/7/02), 818 So.2d 766.

PRELIMINARY MATTERS
Capitol House filed a motion to strike defendants' reply brief, urging that the response was filed 62 days after its opposition brief, pointing to Rule 2-12.7 of the Uniform RulesCourts of Appeal, which provides that the reply brief of the appellant shall be filed not later than 10 calendar days after the appellee's brief is filed. This motion is denied. Rule 2-12.10, which specifically pertains to writ applications, provides that briefs in support of motions or applications for writs shall be filed with the motion or writ application, while briefs in opposition thereto shall be filed prior to decision by the court, or as may be ordered by the court. Therefore, defendants' reply brief was timely.
However, we grant Capitol House's request to strike Exhibit B to the writ application in 2001 CW 2532 and references thereto, as this document was not introduced into evidence and was not considered by the trial court. State ex rel. Guste v. Thompson, 532 So.2d 524, 527, n. 2 (La.App. 1 Cir.1988).

SUBJECT MATTER JURISDICTION
Subject matter jurisdiction is the legal power and authority of a tribunal to adjudicate a particular matter involving the legal relations of the parties and to grant the relief to which the parties are entitled. La.Code Civ. P. arts. 1 and 2. The Louisiana Constitution vests district courts with original jurisdiction over all civil and criminal matters, unless there is other jurisdictional authorization in the constitution. La. Const. Art. V, § 16(A). The nature of the relief demanded is determinative of a trial court's subject matter jurisdiction. Daily Advertiser v. Trans-LA, 612 So.2d 7, 16 (La.1993). This court must ascertain the gravamen of the plaintiffs' claims and determine whether those claims are within the adjudicative sphere of the trial court or the regulatory agencies charged with issuing gaming licenses. Id. at 18.
Defendants urge that Capitol House's petition demonstrates that it is contesting the Division's final regulatory rulings. In order to award damages, the defendants submit, the trial court must first find that the license was wrongfully issued to Jazz/Catfish Queen, and secondly, it must *684 find that the license should have been awarded to Lady Luck. However, defendants assert, the Louisiana Gaming Control Board, as the successor to the Division and Gaming Commission, has exclusive jurisdiction over all aspects of licensing in this state. Because the resolution of licensing and related regulatory issues has been legislatively allocated to the Gaming Control Board, defendants posit, the trial court lacks original subject matter jurisdiction to independently rule on any disputed regulatory decisions rendered by the gaming regulators in this case, including the decision to grant a license to Jazz and deny such to Lady Luck, as well as its decision to clear defendants of all regulatory misconduct asserted by Capitol House.
In support of their argument, defendants focus on a footnote in the Capitol House I decision, wherein another panel of this court stated that in order for Capitol House to win on the merits, it would have to show that it should have been awarded the license. This court stated that determination would involve consideration of whether Capitol House met the criteria set forth in the gaming law. Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc., 725 So.2d at 530, n. 10.
In response, Capitol House stresses that it is seeking monetary damages in a civil lawsuit from its competitor for a license under the UTPL and the tort law, matters that are clearly within the exclusive jurisdiction of the district court. Capitol House relies on language in the Capitol House II opinion, wherein another panel of this court stated, regarding Capitol House's claims:
The entire dispute arises from alleged machinations in the riverboatgaminglicensing process, allegations that should have been investigated and addressed by the Louisiana Gaming Control Board, which has exclusive regulatory authority, control, and jurisdiction over all aspects of gaming activities and operations in this state. However, this suit presents a claim for monetary damages, and jurisdiction is properly vested in the district court, which has original jurisdiction over all civil matters.

Capitol House Preservation Co., L.L.C. v. Perryman Consultants, Inc., 745 So.2d at 1197-1198. (Footnotes Omitted).
Capitol House submits that it is not requesting regulatory relief in this actionit is not seeking modification or reversal of the licensing decisions, nor is it seeking the award of a license. Rather, Capitol House is asking for compensation for damages allegedly caused to its business by the actions of the defendants. Capitol House insists that defendants are attempting to circumvent the original jurisdiction of the trial court by mischaracterizing the nature of its demand for monetary damage under the tort and statutory law as a claim for regulatory relief.
We agree with Capitol House's characterization of the nature of the relief sought. In order to award damages to Capitol House, the trial court need not make a determination that Lady Luck met all of the requirements of the gaming law to obtain a license because the Division declared Lady Luck to be a suitable applicant. Thus, this case does not involve licensing matters that are within the jurisdiction of the Louisiana Gaming Control Board, but instead presents a civil claim for monetary damages arising from the alleged misconduct of defendants during the licensing process. Money damages are within the original exclusive jurisdiction of Louisiana's district courts. Louisiana Horsemen's Benevolent and Protective Association 1993, Inc. v. Fair Grounds Corporation, 95-1702, p. 4 (La.App. 1 Cir. 4/4/96), 672 So.2d 340, 342, writs denied, *685 96-1163, 96-1125 (La.6/7/96), 674 So.2d 968, 969. No gaming agency has been granted authority to award money damages. This is clearly a case within the adjudicative sphere of the trial court, and the trial court correctly overruled the exception challenging its subject matter jurisdiction.

NO CAUSE OF ACTION
In their exception of no cause of action, defendants urge that Capitol House may not seek judicial review of any alleged regulatory misconduct committed by defendants because Capitol House failed to exhaust its specific administrative remedies for appealing adverse decisions provided for in the Riverboat Gaming Act. However, the exhaustion doctrine only applies when exclusive jurisdiction exists in an administrative agency and the courts have only appellate, as opposed to original, jurisdiction to review the agency's decisions. Daily Advertiser v. Trans-LA, 612 So.2d at 27. This doctrine does not apply to the claims for monetary damages sought by Capitol House because only the district court has original jurisdiction over this civil action.
Defendants again urge that Capitol House has failed to state a cause of action in its petition. This court has already ruled in both Capitol House I and Capitol House II that Capitol House's petition stated a cause of action under the UTPL. Furthermore, this court has recently held that an unsuccessful riverboat license applicant stated a cause of action for unfair trade practices against a competitor who received a riverboat license, finding that the unsuccessful applicant was required to expend fees in furtherance of his application for the license. This court held that because the petition stated at least one cause of action, the exception of no cause of action was improper. Copeland v. Treasure Chest Casino, L.L.C., XXXX-XXXX, p. 5 (La.App. 1 Cir. 6/21/02), 822 So.2d 68, 71. Therefore, the trial court correctly overruled the exception of no cause of action.

RES JUDICATA
Two of the defendants, Steve Urie and Lodging Systems, Inc., filed a peremptory exception of res judicata in this court. The exception is based on a complaint filed by Capitol House with the Attorney General that is not in the record but is attached to defendants' brief. The appellate briefs of parties are not a part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 8 (La. App 1 Cir. 11/7/97), 705 So.2d 195, 201, writs denied, XXXX-XXXX, XXXX-XXXX (La.2/13/98), 709 So.2d 753, 754. This court may consider a peremptory exception filed for the first time in this court only if proof of the ground of the exception appears of record. Because proof of the ground of the exception does not appear in the record in this case, the exception is denied. La.Code Civ. P. art. 2163.

CONCLUSION
For the foregoing reasons, the writ application is denied. The exception of res judicata is also denied, and the matter is remanded to the trial court for proceedings consistent with this opinion.
WRIT DENIED; EXCEPTION OF RES JUDICATA DENIED; REMANDED.