672 So.2d 720 (1996)
BENTON, BENTON AND BENTON
v.
LOUISIANA PUBLIC FACILITIES AUTHORITY, et al.
No. 95 CA 1367.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
Rehearing Denied May 8, 1996.
*721 J. Arthur Smith, III, Baton Rouge, for Plaintiff-Appellant, Benton, Benton and Benton.
Cheryl V. Cunningham, New Orleans, for Defendant-Appellee, Foley & Judell.
Leon Gary, Jr., Baton Rouge, for Defendant-Appellee, La. Public Facilities Authority, Steve Hicks, & Kutak Rock & Campbell.
James Parks, Baton Rouge, for Defendant-Appellee, McCollister & McCleary.
Before CARTER and PITCHER, JJ., and CRAIN,[1] J. Pro Tem.
*722 HILLARY J. CRAIN, Judge Pro Tem.
In 1985, the law firm Benton, Benton and Benton (Benton firm) filed suit in federal court against the Louisiana Public Facilities Authority (LPFA), attorney, Steve Hicks, and the law firms of Foley & Judell, and McCollister & McCleary (hereafter, Law Firms). The suit claimed that LPFA's selection of board counsel violated the Sherman Antitrust Act (Sherman Act) and the Louisiana Antitrust Act. La.R.S. 51:122 et seq. The federal district court applied Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), holding that LPFA is a quasi state agency not subject to the Sherman Act. The U.S. Fifth Circuit affirmed this decision. Benton, Benton & Benton v. Louisiana Public Facilities Authority, 897 F.2d 198 (5th Cir.1990). The U.S. Supreme Court denied writs. Benton, Benton & Benton v. Louisiana Public Facilities Authority, 499 U.S. 975, 111 S.Ct. 1619, 113 L.Ed.2d 717 (1991).
On April 12, 1991, the Benton firm filed suit in state court, against virtually the same parties, alleging violation of the Louisiana Antitrust Act.[2] Additional claims were made under the Louisiana Unfair Trade Practices Act. La.R.S. 51:1405 et seq. The defendants removed the suit to federal district court. That court found the new suit set forth claims governed by state law, in areas not preempted by federal law. Therefore, the matter was remanded to the state court.
Defendants then filed a motion for summary judgment in the 19th Judicial District Court, claiming the original judgment of the federal district court, holding that the LPFA was shielded from the Sherman Act by the state antitrust immunity doctrine, was res judicata as to the state claims.[3] The trial judge granted the motion for summary judgment and dismissed the Benton firm claim as barred by res judicata and peremption.
This appeal followed. Appellant asserts the trial court erred in granting the summary judgment based on this suit being barred by res judicata and peremption. We reverse.
In making a determination as to whether a previous federal court judgment has res judicata effect, federal law must be applied. Pilie & Pilie v. Metz, 547 So.2d 1305 (La.1989). Under federal law, res judicata does not apply unless the party claimed to be barred had a "full and fair opportunity" to litigate the claim in the first action. Kremer v. Chemical Construction Corporation, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).
The federal court's authority to litigate the state law claims in the original suit was based on pendent jurisdiction. When there is a federal claim which has enough substance to confer jurisdiction on the federal court, and there are also pendent state law claims that derive from the same operative facts, the federal court has pendent jurisdiction over the state law claims. Reeder v. Succession of Michael B. Palmer, 623 So.2d 1268 (La.1993). The Reeder case also stands for the proposition that, if the federal law claims are pursued to a valid final judgment on the merits in federal court, and the plaintiff for some reason does not assert the pendent state law claims, res judicata will bar a subsequent assertion of those state law claims in state court. Reeder, 623 So.2d at 1272-1273.
We do not find Reeder controlling here. Under Reeder, for res judicata to bar pendent state law claims in a subsequent state law proceeding, certain conditions must be met. First, the federal court must have jurisdiction over the federal law claims. Second, it must exercise that jurisdiction and render a judgment on the merits. Third, there must have been pendent state law claims that were not litigated due to a failure of the plaintiff to assert the claims.
The federal district judge, in reasons for judgment adopted by the U.S. Fifth Circuit Court of Appeals, in ruling on the original suit, stated:
Accordingly, the court concludes that assuming the Authority's activities in connection with selection and employment of lawyers on bond issues amounts to anti-competitive *723 activity within the meaning of the Sherman Act, those activities are shielded by the state action immunity of Parker v. Brown.

. . . . .
This court concludes that these private parties who are contracting with a public agency are also shielded by the state immunity doctrine, assuming that the practice would amount to a violation of the Sherman Act if engaged in by private parties alone. Under these circumstances, it is not necessary to pass upon the other issues in the case.
Benton, Benton and Benton, 897 F.2d 198 at 203-204. It is clear from the above language that the federal district court determined that federal law (the Sherman Act) would not apply to LPFA and the private parties it controlled, even if the facts alleged were true and could amount to a violation of the Sherman Act. Since the Sherman Act was not applicable, there was no basis for the federal court to exercise jurisdiction over the federal claim. Consequently, the federal court could not, and did not, exercise jurisdiction over the pendent state law claims.
There has never been a ruling, nor the opportunity for a ruling, on the merits of the state law claims. For that reason, the summary judgment based on res judicata was improvidently granted. It is unnecessary for us to consider the additional arguments set forth by appellants as to why the original federal court judgment is not res judicata to the present suit.
The lower court was also in error in granting a summary judgment based on peremption on the Louisiana Unfair Trade Practices claims. In South Central Bell Telephone v. Texaco, Inc., 418 So.2d 531 (La. 1982), the court held that, "When the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damages is abated." 418 So.2d at 533. The "continuing tort" rule has been applied to other causes of action, and was specifically applied by this court to a Louisiana Unfair Trade Practices and Consumer Protection Law violation in Fox v. Dupree, 633 So.2d 612 (La.App. 1st Cir.1993), writ denied, 94-0296, (La. 3/25/94), 635 So.2d 233. Appellants contend that violation of the statute continues even at the present time. Consequently, the peremptive period cannot begin to run as long as the alleged violations continue.
The trial court was in error in granting a summary judgment based on peremption.
For the foregoing reasons, the judgment of the trial court, granting a summary judgment based on res judicata and peremption, is reversed. This matter is remanded for further proceedings. Appellees are to pay all costs.
REVERSED AND REMANDED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Kutak, Rock and Campbell was added to the present suit as an additional defendant law firm.
[3] The motion claims alternatively that the State Uniform Trade Practice claims are perempted.