818 So.2d 171 (2002)
Craig SAMOUR
v.
LOUISIANA CASINO CRUISES, INC.
No. 2001 CA 0831.
Court of Appeal of Louisiana, First Circuit.
February 27, 2002.
*173 James E. Uschold, New Orleans, for PlaintiffAppellant Craig Samour.
Murphy J. Foster, III, Melissa M. Shirley, John T. Andrishok, Baton Rouge, for DefendantAppellee Louisiana Casino Cruises, Inc.
Before: FOGG, DOWNING and CLAIBORNE[1], JJ.
FOGG, J.
By this appeal, the plaintiff contests a judgment sustaining peremptory exceptions raising the objections of res judicata and prescription and dismissing his suit with prejudice. For the following reasons, we affirm.
Louisiana Casino Cruise, Inc. (Casino Rouge) employed Craig Samour as Chief Engineer on board the M-V Casino Rouge. On January 10, 1995, Casino Rouge requested Samour submit to a "reasonable cause" drug test. The test results were positive, and Casino Rouge terminated Samour's employment.
Samour filed suit in federal court, asserting a violation of his Fourth Amendment right to be free from unreasonable search and seizure, Jones Act negligence, and general maritime claims for unseaworthiness, maintenance and cure and wages. Samour's suit also asserted claims of libel and defamation pursuant to Louisiana state law. Both parties subsequently moved for summary judgment on the federal claims, and Casino Rouge requested dismissal of the state law claims. The magistrate judge recommended granting Casino Rouge's motion for summary judgment on all federal claims. He also recommended that the court decline to exercise supplemental jurisdiction over the remaining state law claims. The federal district court adopted these recommendations in their entirety. The United States Fifth *174 Circuit Court of Appeals affirmed this decision without opinion.
Samour then filed suit in the Nineteenth Judicial District Court in East Baton Rouge Parish asserting the state law claims of libel, slander, defamation, wrongful termination, and invasion of privacy. Casino Rouge filed peremptory exceptions raising the objections of res judicata and prescription. The trial court sustained these exceptions, dismissing Samour's claims. Samour appeals.
Samour asserts the trial court erred in finding his state law claims barred by res judicata. When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is federal law of res judicata that must be applied. Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). Federal law embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). See Stripling v. Jordan Prod. Co., 234 F.3d 863 (5th Cir.2000); Levitt v. Univ. of Texas at El Paso, 847 F.2d 221 (5th Cir.1988), cert. denied, 488 U.S. 984, 109 S.Ct. 536, 102 L.Ed.2d 567 (1988). Thus, res judicata viewed in this broad sense includes foreclosure of both relitigation of matters that have been previously litigated and litigation of matters that have never been litigated but should have been advanced in the earlier suit.
Casino Rouge asserts that Samour's state law claims are barred due to the final judgment rendered by the federal court. Reeder provides that where there is a federal claim that has enough substance to confer jurisdiction on the federal court, and there are pendent state law claims that derive from the same operative facts, the federal court has pendent jurisdiction over the state law claims. Reeder, 623 So.2d at 1272-1273. The power of the district court to hear pendent state claims is discretionary. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Furthermore, Reeder states that, if the federal claims are pursued to a valid final judgment in federal court and the plaintiff failed to then assert his state law claim, the doctrine of res judicata prevents him from subsequently asserting the state claim in state court unless the federal court would not have had jurisdiction to hear the state claim, or having jurisdiction, clearly would have declined to exercise it as a matter of discretion. Reeder, 623 So.2d at 1272-1273.
In Benton, Benton and Benton v. Louisiana Pub. Facilities Auth., 95-1367 (La.App. 1 Cir. 4/4/96), 672 So.2d 720, writ denied, 96-1445 (La.9/13/96), 679 So.2d 110, this court applied Reeder, stating that in order for res judicata to bar pendent state claims in a subsequent state law proceeding three requirements must be met. First, the federal court must have jurisdiction over the federal law claims. Second, it must exercise that jurisdiction and render a judgment on the merits. Third, there must have been pendent state law claims that were not litigated due to a failure of the plaintiff to assert the claims. Benton, 672 So.2d at 723.
We find that the present case does not meet the Benton requirements of res judicata. The court found jurisdiction over the federal Jones Act claims and, therefore, had pendent jurisdiction over the state law claims that arose out of the same operative facts; however, Samour asserted his state claims in federal court. In addition, upon dismissal of the federal claims, the district court expressly declined to exercise pendent jurisdiction over *175 the state claims. As stated in Reeder, clearly declining pendent jurisdiction precludes a finding of res judicata based on claim preclusion. Reeder, 623 So.2d at 1273. See also, Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co., 666 So.2d 624 (La. 1996).
Casino Rouge asserts that, even if claim preclusion does not apply, Samour's suit is barred by the doctrine of collateral estoppel. Under federal law, the doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and necessarily decided in an earlier case between the same parties. RecoverEdge L.P. v. Pentecost, 44 F.3d 1284 (5th Cir.1995). Under collateral estoppel, once an issue of ultimate fact is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).
Casino Rouge asserts that Samour's state law claims of libel, slander, defamation, wrongful termination, and invasion of privacy are precluded because an issue of ultimate fact that is essential to his state claims has been found against him in the prior federal court action. Specifically, Casino Rouge states that, because the federal court found that the drug testing conducted by Casino Rouge was neither unreasonable nor arbitrary, Samour cannot assert claims that would require him to prove the opposite, or relitigate that issue, as it is a conclusive ultimate finding of fact.
To prevail on a claim of defamation, slander, or libel, Samour must prove malicious intent. Cangelosi v. Schwegmann Bros. Giant Super Mkts., 390 So.2d 196 (La.1980). Samour's claim of wrongful termination would require a reexamination of Casino Rouge's actions in ordering the drug testing. His claim for invasion of privacy requires a finding of an unreasonable intrusion into his solitude or private affairs. Perere v. Louisiana Television Broad. Corp., 97-2873 (La.App. 1 Cir. 11/06/98), 721 So.2d 1075. The magistrate judge found that the drug testing was not unreasonable and was lawfully conducted. These findings were adopted by the district court in its ruling. Collateral estoppel bars relitigation of the issue of whether Casino Rouge acted reasonably in ordering and conducting Samour's drug test.
Moreover, the Fifth Circuit recently restated in Stripling that, for collateral estoppel to apply, the issue in question must have been identical to that in the original action, actually litigated in the original action, and a necessary part of the judgment in the earlier action. Stripling, 234 F.3d at 868. We find that the claims at issue in the instant suit satisfy the Stripling requirements of collateral estoppel. The issue of the reasonableness of the drug testing in the original action is identical to the issue here. That issue was litigated between the parties and made a necessary part of the judgment in the magistrate judge's report, which was subsequently adopted by the district court. As a result, Samour's claims are barred under the doctrine of collateral estoppel.[2]
Samour filed a motion to attach two unpublished opinions concerning the federal actions that preceded this suit. This motion was referred to the merits. The first opinion is the reasons for transferring the case from the Eastern to the Middle District. Venue is not at issue in *176 this appeal, and the decision to transfer need not be attached. The second is the Middle District's reasons for declining to exercise supplemental jurisdiction over Samour's state law claims. The particular reasons why the district judge declined to exercise supplemental jurisdiction are not at issue in this appeal and are not necessary for our determination. Therefore, the motion is denied.
Lastly, Casino Rouge requests sanctions be levied against Samour for filing a frivolous appeal. The imposition of damages for a frivolous appeal is regulated by LSA-C.C.P. art. 2164. The courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Guarantee Sys. Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Guarantee, 728 So.2d at 405. We cannot say that this appeal was taken for purposes of delay or that appellate counsel does not believe in the position he advocates. Therefore, damages for frivolous appeal are not warranted.
For the foregoing reasons, the trial court's ruling, finding Samour's state court claims barred by res judicata, is affirmed. The motion to attach unpublished opinions is denied. Costs of this appeal are assessed against Craig Samour.
AFFIRMED.
NOTES
[1] Retired Judge Ian W. Claiborne is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Finding Samour's state law claims barred by res judicata on the grounds of collateral estoppel, we pretermit the issue of prescription.