MARC E. JOHNSON, Judge.
| (jPlaintiffs/appellants, Timothy Morales, et al, appeal from two judgments rendered by the trial court: (1) the maintaining of an exception of res judicata relating to a state constitutional challenge of Chapter 36, Article XI of the Jefferson Parish Code of Ordinances, entitled Automated Traffic Signal Enforcement (ATSE), and (2) the granting of a motion for summary judgment finding that the ATSE ordinances do not violate the spousal immunity privilege under La. C.E. art. 505 and do not imper-missibly govern civil relationships in violation of Article VI, § 9(A) of the Louisiana Constitution. For the reasons that follow, we reverse in part and dismiss in part.

Procedural History

On January 31, 2008, a class action complaint, bearing docket number 08-802, was filed in the United States District Court for the Eastern District of | Louisiana against the Parish of Jefferson, the Jefferson Parish Council, and Redflex Traffic Systems, Inc. (Redflex), asserting various claims relating to the ATSE ordinances. The plaintiffs, Barry Sevin, Jr. and Edwin Bernard, who purported to represent the putative class of automobile owners ticketed for violating the ATSE ordinance since its inception in 2007, asserted the ATSE was unconstitutional on the basis it violated the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. They also asserted defendants, acting under color of state law, violated their federal rights under 42 U.S.C. § 1983, by enacting and enforcing the ATSE ordinances. Plaintiffs further alleged two state law claims: (1) the ATSE ordinances violate the spousal immunity privilege under La. C.E. art. 505, and (2) the ordinances impermissibly govern civil relationships in violation of Article VI, § 9(A) of the Louisiana Constitution.
In May 2009, the federal complaint was dismissed in its entirety. In response to defendants’ 12(b) Motion to Dismiss, the federal court declined to exercise jurisdiction over plaintiffs’ state law claims that did not allege § 1983 violations and dismissed, without prejudice, those state law claims that alleged the ATSE ordinances violate the Louisiana spousal immunity privilege and impermissibly attempt to govern civil relationships in violation of the Louisiana Constitution. The federal court further dismissed, with prejudice, all of plaintiffs’ constitutional and § 1983 claims pursuant to a motion for summary judgment after finding none of plaintiffs’ claims had merit.
Thereafter, on May 15, 2009, plaintiffs, Timothy Morales, Barry Sevin and Edwin Bernard, who were members of the alleged putative class in the federal action, filed a class action petition for damages and declaratory judgment in the 24th Judicial District Court against two of the same defendants in the federal action, |sthe Parish of Jefferson and Redflex, alleging the ATSE ordinances were unconstitutional *672 under the Louisiana Constitution and violated state law.
Defendants filed an exception of res ju-dicata claiming plaintiffs were barred from re-litigating claims asserted in the federal action and those claims that should have been asserted in the federal action but were not. After a hearing, the trial court sustained defendants’ exception in part and denied it in part. The trial court found res judicata precluded plaintiffs from raising their constitutional challenges under state law, except for the two claims the federal court specifically dismissed without prejudice relating to the ATSE ordinances violating the spousal immunity privilege and Article VI, § 9 of the Louisiana Constitution.
Defendants subsequently filed a motion for summary judgment claiming they were entitled to judgment as a matter of law on the remaining two claims relating to spousal immunity and civil relationships. The trial court granted the motion for summary judgment after a hearing and dismissed plaintiffs’ remaining two claims with prejudice. Plaintiffs timely appealed both judgments.

Res Judicata

Plaintiffs argue the trial court erred in finding that all but two of their state law claims were barred by res judica-ta. Plaintiffs contend the federal court never ruled on the issue of the validity of the ATSE ordinances under Louisiana law because it declined to exercise pendent jurisdiction over all state law claims, not just the two state claims specifically mentioned. As such, plaintiffs assert then-state law claims are not barred by res judicata.
Defendants maintain plaintiffs’ federal complaint challenged the ATSE ordinances under both federal and state law and that the federal court dismissed all claims with prejudice except those two state law claims relating to spousal immunity and civil relationships. Defendants assert the trial court properly | (¡maintained their exception of res judicata because the federal court judgment precludes plaintiffs from raising any state law claims, other than the two dismissed by the federal court without prejudice.
Res judicata is a preclusion device found in both federal and state law designed to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-654, p. 11 (La.1/16/96), 666 So.2d 624, 631. “Precluding relitigation prevents inefficient use of the courts’ resources, reduces the possibility of harassment through vexatious suits, and helps maintain respect for the judicial proceeds by guarding against inconsistent decisions.” Id., 95-654 at 12, 666 So.2d at 681, quoting Dixon, Booksh, Zimmering, Res Judicata in Louisiana since Hope v. Madison, 51 Tul.L.Rev. 611 (1977).
The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules. Reeder v. Succession of Palmer, 628 So.2d 1268, 1271 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). The res judicata effect of a prior judgment is a question of law that is reviewed de novo. Jefferson Marine Towing, Inc. v. Kostmayer Const., LLC, 09-310, p. 5 (La.App. 5 Cir. 1/26/10), 32 So.3d 255, 259, writ denied, 10-378 (La.4/23/10), 34 So.3d 265.
Res judicata bars a subsequent suit if there has been a previous litigation involving the same claim between the same parties or their privies which resulted in a final judgment on the merits by a court of competent jurisdiction. St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 436 *673 (5th Cir.2000). Federal law uses a broad interpretation of “res judicata” to include both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). Id. Viewed in this broad sense, res judicata will bar relitigation of matters that have been previously 17litigated and subsequent litigation of matter that have never been litigated but should have been advanced in the earlier suit. Reeder, 623 So.2d at 1271; Samour v. Louisiana Casino Cruises, Inc., 01-831, p. 3 (La.App. 1 Cir. 2/27/02), 818 So.2d 171, 174.
In cases where a given claim may be supported by theories or grounds arising from both state and federal law, the Louisiana Supreme Court has explained:
[I]f a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had “pendent” jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion.
Reeder, 623 So.2d at 1272-73.
Thus, in order for res judicata to bar pendent state claims in a subsequent state law proceeding, three requirements must be met: (1) the federal court must have jurisdiction over the federal law claims; (2) it must exercise that jurisdiction and render a judgment on the merits; and (3) there must have been pendent state law claims that were not litigated due to a failure of the plaintiff to assert the claims unless the federal court clearly would have declined to exercise its pendent jurisdiction over the omitted state claim as a matter of discretion. Reeder, 623 So.2d at 1272-73; Samour, 01-831 at 4, 818 So.2d at 174.
Applying these precepts to the present case, we find the state law claims asserted by plaintiffs in the state action are not precluded by the res judicata bar of the federal court judgment dismissing, with prejudice, all of plaintiffs’ claims, except plaintiffs’ two state law claims. Specifically, we find that although plaintiffs did not assert all of their state law claims in the federal proceeding, the [ ^federal court clearly would have declined to exercise its pendent jurisdiction over the omitted state law claims.
The parties dispute what claims were actually asserted in the federal complaint. Plaintiffs contend that with the exception of the two state law claims involving spousal immunity and civil relationships, they only asserted claims under the United States Constitution and 42 U.S.C. § 1983 in the federal proceeding. Plaintiffs contend they never asserted any other state law claims, either under the Louisiana Constitution or other state law, in the federal proceeding. Conversely, defendants maintain plaintiffs asserted all the same state law claims in the federal proceeding that they asserted in the state proceeding, and that the federal court addressed the merits of all plaintiffs’ state law claims except the two specified state law claims it declined to exercise its pendent jurisdiction.
A review of the federal complaint shows that the only state law claims asserted by plaintiffs related to the spousal immunity privilege and civil relationships under Article VI, § 9(A). All other claims were made under federal law theories involving violations of the United States Constitution and plaintiffs’ civil rights under 42 U.S.C. § 1983. All allegations of a violation of the Louisiana Constitution or state law, except the spousal immunity privilege *674 and Article VI, § 9, were clearly made as a civil rights claim under § 1983. For example, in paragraph 14 of the federal complaint, plaintiffs alleged the ATSE ordinances violate Louisiana law because they conflict with the Louisiana Highway Regulatory Act; however, plaintiffs asserted their claim as a violation of their constitutional rights and that defendants enforced the objectionable ordinances in violation of § 1983. Also, paragraph 15 alleged the ATSE ordinances violated the Louisiana Code of Civil Procedure and that defendants’ enforcement of the ordinances violated plaintiffs’ civil and constitutional rights under § 1983.
|3Even the federal court recognized that plaintiffs alleged violations of state law in their complaint simply as a basis for asserting violations of their civil rights under § 1983. In the first federal court judgment dated December 16, 2008, Judge Sarah Vance stated, “[w]ith respect to the vast majority of the state law issues, plaintiffs have simply alleged that the defendants’ violations of various state laws are ipso facto violations of the plaintiffs’ federal rights under 42 U.S.C. § 1983.” Judge Vance further explained, “[t]he Court also notes that two of the plaintiffs’ state law claims do not specifically allege violations of section 1983.”
As such, we find the federal complaint only alleged violations of federal law, with the exception of two specific state law claims (spousal immunity and civil relationships), and omitted all other state law claims. As stated above, res judicata generally precludes a plaintiff who fails to assert state law claims in a federal court that has pendent jurisdiction over the state law claims from subsequently asserting the state claim in state court. However, in the present case, it is clear that the federal court clearly would have declined to exercise its pendent jurisdiction over any of plaintiffs’ omitted state law claims. The federal court expressly declined to exercise its pendent jurisdiction over the two asserted state law claims. Because the federal court clearly refused to exercise its discretionary jurisdiction over the two asserted state law claims, we find that it would have likewise declined to exercise its pendent jurisdiction over any of the omitted state law claims had they been asserted by plaintiffs in the federal complaint.
Thus, we find that plaintiffs’ state law claims, as asserted in the instant petition for damages and declaratory judgment, are not barred by the res judicata effect of the federal court judgment dismissing plaintiffs’ federal complaint. As such, we reverse that portion of the September 30, 2009 judgment maintaining defendants’ exception of res judicata.
| inMotion for Summary Judgment
Because of our reversal of the judgment maintaining the exception of res judicata, we dismiss without prejudice that portion of plaintiffs’ appeal seeking review of the granting of defendants’ motion for summary judgment as it is no longer a final judgment. We note that the trial court’s designation of the summary judgment as a final judgment for purposes of immediate appeal, was unnecessary and without effect because the summary judgment was a final judgment at the time by operation of law.
Our ruling reversing the maintaining of the exception of res judicata changes the status of this case. In particular, the lawsuit is no longer terminated and the same parties will continue to litigate the remaining issues. The unadjudicated state law claims are based upon the same operative facts as those two state law claims ruled upon by the summary judgment. There are now other issues relating to the validity of the ATSE ordinances that have yet to be decided, and there is a possibility that the need for review might be mooted by future developments in the trial court. We find judicial resources would be wasted *675 by appellate review of what is now the granting of a partial summary judgment, especially considering the probability of a later appeal after the adjudication of the remaining issues. We further note that the now partial summary judgment does not constitute a final judgment for purposes of appeal and, thus, may be revised by the trial court at any time prior to the rendition of the judgment adjudicating all issues and claims. La. C.C.P. art. 1915(B)(2). Because this now partial, non-final judgment may be revised at any time before resolution of the entire case, we decline to convert this portion of plaintiffs’ appeal to a writ application.
| ^Decree
We find the trial court erred in maintaining defendants’ exception of res judica-ta. Accordingly, we reverse that portion of the September 30, 2009 judgment maintaining the exception of res judicata and remand the matter for further proceedings. Additionally, we dismiss without prejudice that portion of plaintiffs’ appeal from the January 7, 2010 granting of the motion for summary judgment. Defendants/appellees are to bear the costs of this appeal.
REVERSED IN PART; DISMISSED IN PART.