JOHNSON, J.,
dissents with reasons.
IH, respectfully, dissent from the majority opinion for the following reasons.
First, it is my opinion that there is a procedural problem with the appeal. In his petition and supplemental petition, Mr. Pannagl asserted several demands against Mr. Kelly. In opposition, Mr. Kelly filed a reconventional demand, asserting claims against Mr. Pannagl. Constance, L.L.C. filed a petition for intervention, and Mr. Kelly filed a third-party demand against Constance, L.L.C. The trial court in this matter rendered partial summary judgments in favor of Mr. Pannagl and Constance, L.L.C., wherein it adjudicated the principal demands of Constance, L.L.C. and dismissed Mr. Kelly’s third-party demand against Constance, L.L.C. These rulings of the trial court created a procedural problem with our current review of the appeal.
La. C.C.P. art. 1915 provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
[[Image here]]
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final determination unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(Emphasis added).
*79 1 ¡.Here, La. C.C.P. art. 1915(A) applies to the intervention and third-party demand against Constance, L.L.C. Thus, the judgments against Constance, L.L.C. are final and appealable. However, only one of Mr. Pannagl’s principal demands was adjudicated, and Mr. Kelly’s reconventional demand against Mr. Pannagl was not ruled upon. There was no designation by the trial court that its ruling was a final judgment with no reason for just delay. Thus, the assignments of error concerning Mr. Pannagl are presently non-appealable because all of the claims involving Mr. Pannagl have not been adjudicated. (See, Morales v. Parish of Jefferson, 10-273 (La.App. 5 Cir. 11/9/10); 54 So.3d 669, 675, where this Court held that a “partial summary judgment does not constitute a final judgment for purposes of appeal and, thus, may be revised by the trial court at any time prior to the rendition of the judgment adjudicating all issues and claims.”) As a result, Mr. Kelly’s appeal against Mr. Pan-nagl should be dismissed due to this procedural defect.
Thus, I would dismiss the assignments of error in the appeal that regard Mr. Pannagl on the basis of lack of appellate jurisdiction and allow Mr. Kelly 30 days from the date the opinion is rendered to file a supervisory writ. Conversely, the assignments of error regarding Constance, L.L.C. can be addressed in this appeal because those rulings are final.
Second, I would reverse the summary judgment in favor of Constance, L.L.C. on the basis that there is a genuine issue of material fact as to whether Mr. Kelly received consideration for signing the promissory note on behalf of the company. While it is uncontested that Mr. Kelly received, at least, $300,000.00 from Mr. Pannagl to invest in various properties, reasonable minds can differ as to whether that money was only in consideration of the transfer of interest in Constance, L.L.C. from Mr. Kelly to Mr. Pannagl. When Mr. Kelly referenced | ¡¡“being squared” in his deposition, it could be argued that the money was not in consideration of Mr. Kelly’s signing of the promissory note on behalf of Constance, L.L.C. with Mississippi River Bank. Constance, L.L.C. is its own entity, and it arguably did not provide Mr. Kelly with anything of value for his obligation. Due to the existence of the genuine issue of lack of consideration between Constance, L.L.C. and Mr. Kelly, I would reverse the trial court’s summary judgment and remand the matter for further proceedings.