McClendon, j.
Lin this appeal, the plaintiffs contest a judgment that sustained the defendants’ peremptory exception raising the objection of res judicata and dismissed their suit with prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On February 17, 2012, the St. Mary Parish School Board requested that Belva Webb, a St. Mary Parish School District crossing guard, submit to a drug screen test, after being contacted by parents that he appeared “to be unstable while crossing children in the safety zone.” On February 23, 2012, Mr. Webb was notified by the school board that the test results showed that Mr. Webb’s prescribed medication was “safety sensitive” and that he should not be performing work duties at that time. Based on this information and concerns, Mr. Webb was instructed “not to return to work until further notice effective immediately.” An amended letter on February 28, 2012, provided that Mr. Webb was not to return to work until he had written notification from his physician releasing him to perform his crossing guard duties.
Thereafter, on April 16, 2012, Mr. Webb and his wife, Faith Webb, filed suit in federal court asserting violations of their constitutional rights as well as various state law claims. The plaintiffs alleged that the defendants, Joseph P. Morelia, the Patterson Chief of Police Patrick LaSalle, the Patterson Police Department (the Morelia defendants); the St. Mary Parish School District School Board, Kenneth Lockett and Principal Niki Fryou; the Bourgeois Medical Clinic, LLC, Dr. Melvin Bourgeois, Dr. Robert Bourgeois, and Dr. John Doe (the Bourgeois defendants); and the Morgan City Police Department and Officer John Doe, all conspired to have Mr. Webb fired by the School District. Specifically, the plaintiffs' alleged that at the personal insistence of Police Chief LaSalle, the St. Mary Parish School Board instructed Mr. Webb to go to the Bourgeois Medical Clinic in Morgan City to be drug tested and not return to work until the school board had the results. The plaintiffs further asserted that Mr. Webb anticipated a fabricated drug screening and arranged for an independent drug test before and after the drug test at the Bourgeois Medical Clinic. According to the plaintiffs, the results of the independent drug tests were *409 negative for any drugs. The plaintiffs maintained that |athe fabricated drug tests at the Bourgeois Medical Clinic resulted in Mr. Webb losing his job, being charged with crimes, being discredited, and otherwise being humiliated with his family in the church and local community.
In response to the plaintiffs’ federal suit, each of the defendants filed a motion to dismiss. In lengthy reasons, the federal district court determined that the plaintiffs’ complaint failed to state a plausible claim for relief under 42 U.S.C. §§ 1983, 1985 and 1986, and the district court dismissed the plaintiffs’ federal law claims with prejudice. Additionally, the court declined to assert supplemental jurisdiction over the plaintiffs’ remaining state law claims and dismissed those claims without prejudice. On July 24, 2013, the judgment of dismissal was affirmed by the United States Court of Appeals for the Fifth Circuit and is a final judgment.
Thereafter, on July 23, 2014, the plaintiffs filed a petition in the Sixteenth Judicial District Court in St. Mary Parish against the same parties, setting forth the same statement of facts, and alleging violations of the federal constitution and the same state law claims raised previously in the federal suit, including violations of the Louisiana constitution, criminal law, and tort law. In response, the Morelia defendants and the Bourgeois defendants (the defendants) each filed peremptory exceptions raising the objection of res judicata. After a hearing, the trial court sustained the exceptions, dismissing the plaintiffs’ claims against the defendants. The trial court signed a judgment on January 28, 2016, and the plaintiffs appealed, asserting that the trial court erred in finding their state law claims barred by res judicata.
DISCUSSION
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La. 1993); Samour v. Louisiana Casino Cruises, Inc., 01-0831 (La.App. 1 Cir. 2/27/02), 818 So.2d 171, 174. Federal law embraces the broad usage of the phrase “res judicata” to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Samour, 818 So.2d at 174. Thus, res judi-cata viewed in this broad sense includes foreclosure of both relitigation of matters that have been Rpreviously litigated and litigation of matters that have never been litigated but should have been advanced in the earlier suit. Id.
Under federal precepts, “claim preclusion” or “true res judicata” treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same “claim” or “cause of action.” Reeder, 623 So.2d at 1271. The rule of “claim preclusion” requires that the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the rede-termination of identical issues of duty and breach. Id. Therefore, claim preclusion will apply to bar a subsequent action on res judicata principles where parties or their privies have previously litigated the same claim to a valid final judgment. Id.; Griffin v. BSFI Western E & P, Inc., 00-2122 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, 730. Accordingly, if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had pendent jurisdic *410 tion to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from .subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion. Reeder, 623 So.2d at 1272-73.
In their appeal, the plaintiffs contend that the trial court erred in sustaining the exception of res judicata because they asserted them state law claims in the federal, suit and the district court expressly declined to exercise its pendent jurisdiction over those claims.[1] However, the defendants do not dispute that the doctrine of federal claim preclusion did not prevent the plaintiffs from filing their state law causes of action in state court. Rather, the defendants argue that the plaintiffs failed to address the adoctrine of issue preclusion, which requires the dismissal of the plaintiffs’ state law claims. ,
Under federal law, the doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues actually litigated and necessarily decided in an earlier case between the same parties. Samour, 818 So.2d at 175,[2] Under collateral estop-pel, once an issue of ultimate fact is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. Id. Thus, under the federal issue preclusion doctrine, the plaintiffs are barred from relitigating a claim in a subsequent lawsuit against different defendants where three elements are present: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the-judgment in that action. See Richards v. Board of Com’rs of the Port of New Orleans, 10-1171 (La.App. 4 Cir. 2/2/11), 57 So.3d 1135, 1139.
In this matter, the defendants maintain that the federal district court conclusively determined that they had no involvement whatsoever in the allegedly fabricated drug test and .that the plaintiffs’ state court petition did not allege any new facts that were not included in the federal complaint and considered by the federal district court. The-federal court specifically found that the plaintiffs’ complaint failed to provide, any factual allegation that Mr. Morelia was involved in the 'drug testing. The court also found that the only allegation against Mr. LaSalle was that he asked school board officials to perform a drug test on Mr. Webb, which allegation was contradicted by.the plaintiffs’ own exhibit to the federal complaint.[3] Furthermore, the district court found that there Rwere *411 no factual allegations that Dr. Melvin Bourgeois or Dr. Robert Bourgeois purposefully falsified a drug test to violate any rights of Mr. Webb. The federal district court also found that the plaintiffs failed to allege any conspiracy involving any of these defendants.
In sustaining the two exceptions of res judicata in state court, the trial court concluded:
So I find that the issues—any state law claim would be based upon the same set—the same facts that [the federal district judge] relied upon, his reasons for judgment. And certainly none have been alleged in addition to those reasons. I believe that has been litigated. I believe the same issues are before this court today, state court issues. And I find that—and those issues that were litigated were' necessary for the judgment, the same factual issues.
So I find that this is the same case that’s already been litigated and reduced to a judgment in federal court.
We agree that collateral estoppel. bars relitigation of these same issues. The federal district court ruled on factual issues necessary to its ruling, which were also necessary for the plaintiffs’ state law claims. The district court conclusively determined that neither the Morelia defendants nor the Bourgeois defendants had any involvement with the complained-of drug test or with any drug-test conspiracy. Because the issues are the same as those involved in the prior action, the" issues were actually litigated in the prior action, and the determination of the issues in the prior action was a necessary part of the judgment in that action, we find that the doctrine of issue preclusion bars the plaintiffs from relitigating these same claims in state court. Finding no error by the trial court, we affirm the judgment.
CONCLUSION
Considering the foregoing, we affirm the January 28, 2016 judgment of the trial court that granted the exceptions of res judicata in favor of the defendants, Joseph Morelia, Patrick LaSalle, the Patterson Police Department, the Bourgeois Medical Clinic, LLC, Dr. Robert Bourgeois, and Dr. Melvin Bourgeois, and dismissed all causes of action against them with prejudice. All costs of this appeal are assessed against the plaintiffs, Belva Webb and Faith Webb.
AFFIRMED.

. We note that the plaintiffs only challenge the trial court’s decision to sustain the exception of res judicata as to their state law claims. They make no argument regarding any federal law claims,

. We find the case before us more analogous to Samour and find Clayton v. Columbia Casualty Company, 16-0122 (La.App. 1 Cir. 12/14/16), 2016 WL 7239503. (unpublished opinion), writ denied, 17-0089 (La. 2/24/17), 216 So.3d 59, to be distinguishable.

.The plaintiffs submitted a copy of a February 16, 2012 School Board memo that stated:
Meeting held , with Lena, Mr. Lockett, Mr, Foulcard, and Mrs, Fryou and Belva Webb, Crossing guard,
Parent concerns were addressed to’school officials and district [personnel], Concerns of being under the influence, Incident will be turned over to Mr, Armelin[.]
The memo was signed by the parties, including Mr, Webb,