NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0861

CYNTHIA MORALES

VERSUS

ALONZO WILDER; DR. STEPHEN McCULLOH; CHERYL SMITH; LAUREN MILTON; KARLIE VIKOWSKI; OTHER UNKNOWN LIVINGSTON PARISH MEDICAL PERSONNEL; LIVINGSTON PARISH

Judgment Rendered: **MAY 2 5 2021**

* * * * * *

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 164,043

Honorable Jeffrey S. Johnson, Judge Presiding

* * * * * *

Emily H. Posner
New Orleans, LA

Counsel for Plaintiff/Appellant
Cynthia Morales

Christopher M. Moody
Albert D. Giraud
Hammond, LA

Counsel for Defendants/Appellees
Cheryl Smith, Lauren Milton,
Karlie Vikowski, and Livingston
Parish

Michael M. Remson
Craig J. Sabottke
Courtenay' S. Herndon
Shelby G. Laplante
Baton Rouge, LA

Counsel for Defendant/Appellee
Stephen McCulloh, M.D.

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**MCCLENDON, J.**

Plaintiff appeals a judgment sustaining a peremptory exception raising the objection of *res judicata* and dismissing plaintiff's suit with prejudice. For the reasons that follow, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

Cynthia Morales filed a petition for damages in the Twenty-First Judicial District Court, Parish of Livingston (21st JDC), on August 8, 2018, seeking damages stemming from alleged inadequate medical treatment she received during her incarceration at Livingston Parish Detention Center (LPDC) on or about August 6-10, 2017 (original suit). Morales asserted claims of negligence, medical malpractice, negligent supervision and training, gross negligence, and respondeat superior. Named as defendants were Dr. Stephen McCulloh; Parish of Livingston; Cheryl Smith, as the former medical director of LPDC; unknown medical personnel who provided care to Morales at LPDC; Lauren Milton; Karlie Vikowski; and Alonzo Wilder.

Morales' suit was removed to the United States District Court for the Middle District of Louisiana on August 31, 2018 (federal court). In an amended complaint, Morales alleged claims under the Eighth Amendment, the Fourteenth Amendment, and 42 U.S.C. §1983, in addition to the claims she had previously raised under state law.

In response to Morales' amended complaint, Dr. McCulloh filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Parish of Livingston, Smith, Milton, and Vikowski (collectively, the Livingston Parish defendants), together filed a separate motion to dismiss pursuant to Rule 12(b)(6). The motions to dismiss argued that Morales' amended complaint failed to state a claim upon which relief can be granted, because Morales had failed to exhaust available administrative remedies prior to filing suit. Morales opposed the motions to dismiss.

---

[1] Federal Rule of Civil Procedure 12(B) permits a party to assert, by motion, the defense of "failure to state a claim upon which relief can be granted."

The federal court granted the motion to dismiss filed by the Livingston Parish defendants in a written ruling on July 2, 2019. Regarding Morales' claims arising under federal law, the federal court found that Morales had failed to state a plausible claim for relief, and dismissed Morales' federal law claims with prejudice. Regarding Morales' claims arising under state law, the federal court determined that Morales' claims arose while she was incarcerated and therefore were subject to the Louisiana Prison Litigation Reform Act, LSA-R.S. 15:1181, *et seq.* (LPLRA). Specifically, the federal court referenced LSA-R.S. 15:1184(A)(2), which provides "No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice." Because Morales "[did] not allege in her *Complaint* or *Amended Complaint*, that she exhausted any administrative procedures," the federal court "dismiss[ed] Morales' state law claims without prejudice for failure to exhaust administrative remedies."[2] A footnote in the federal court's July 2, 2019 ruling further stated:

> The state law claims are dismissed without prejudice. In the event that Morales sought leave to amend her state law claims, the Court would decline to exercise supplemental jurisdiction over those claims in light of the dismissal of the federal claims, *infra.*

On July 18, 2019, the federal court executed a written order granting the motion to dismiss filed by Dr. McCulloh, which provided in pertinent part:

> [F]or the reasons outlined in this Court's [July 2, 2019 ruling on the motion to dismiss filed by the Livingston Parish defendants],
>
> IT IS HEREBY ORDERED that the [motion to dismiss] is GRANTED, and the Plaintiff's state law claims against Defendant, Stephen McCulloh, are hereby DISMISSED without prejudice.
>
> IT IS FURTHER ORDERED that the [motion to dismiss] is GRANTED, and the Plaintiff's claims arising out of federal law are hereby DISMISSED with prejudice.

---

[2] On July 6, 2019, Morales filed a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e), requesting that the federal court amend the July 2, 2019 ruling to remand her state law claims to the 21st JDC. The federal court denied Morales' motion to amend judgment in a July 10, 2019 order, which provided in pertinent part:

> [T]he Court chose to exercise supplemental jurisdiction over the state law claims. The Court dismissed the state law claims on a substantive legal finding that Morales had failed to exhaust her state administrative remedies pursuant to the Louisiana Prison Litigation Reform Act.

Thereafter, Morales filed a petition on August 1, 2019 in the 21st JDC (instant suit). The instant suit named the same defendants, alleged the same facts, and asserted the same claims as the original suit, with the exception that the instant suit additionally alleged that Morales had "exhausted all available administrative remedies that were available to her... as required by the [LPLRA]." In response, Dr. McCulloh and the Livingston Parish defendants each filed a peremptory exception raising the objection of *res judicata*.

A hearing on the exceptions raising the objection of *res judicata* was held on January 27, 2020. Counsel for Morales was not present. Counsel for Dr. McCulloh and the Livingston Parish defendants presented arguments, and offered, filed, and introduced their pleadings and supporting exhibits into the record. The trial court allowed defense counsels' submissions of evidence, granted the exceptions of *res judicata*, and dismissed Morales' suit with prejudice.

The trial court executed a written judgment in conformity with its January 27, 2020 oral ruling as to the Livingston Parish defendants that day. The trial court executed a separate written judgment as to Dr. McCulloh on February 18, 2020. On February 27, 2020, Morales filed a motion for and notice of appeal that improperly sought appellate review of both the January 27, 2020 judgment in favor of the Livingston Parish defendants and the February 18, 2020 judgment in favor of Dr. McCulloh, in one appeal. This Court noticed the lodging of the appeal of the February 18, 2020 judgment in favor of Dr. McCulloh on September 17, 2020. Thus, we consider the February 18, 2020 judgment granting the exception of *res judicata* in favor of Dr. McCulloh herein.[3]

## DISCUSSION

When a Louisiana court is required to assess the issue of *res judicata* in a case in which the earlier judgment was rendered by a federal court exercising federal question jurisdiction, the state court must apply the federal law of *res*

---

[3] We note that Morales only challenges the trial court's decision to sustain the exception of *res judicata* as to her state law claims. She makes no argument regarding any federal law claims.

4

*judicata.*[4] **Raj v. Louisiana State Univ.**, 2014-0140 (La.App. 1 Cir. 4/24/15), 167 So.3d 1023, 1029. In federal law, *res judicata* is a term that comprises two distinct doctrines regarding the preclusive effect of prior litigation: claim preclusion, or *res judicata*, and issue preclusion, or collateral estoppel. **Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.**, 140 S. Ct. 1589, 1594, 206 L. Ed. 2d 893 (2020). *Res judicata* viewed in this broad sense includes foreclosure of both relitigation of matters that have been previously litigated and litigation of matters that have never been litigated but should have been advanced in the earlier suit. **Samour v. Louisiana Casino Cruises, Inc.**, 2001-0831 (La.App. 1 Cir. 2/27/02), 818 So.2d 171, 174.

The doctrine of *res judicata* is *stricti juris*. Each of the essential elements must be present and established beyond all question, and any doubt must be resolved against the application of the doctrine. **Griffin v. BSFI W. E & P, Inc.**, 2000-2122 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, 730. Further, under federal law, *res judicata* does not apply unless the party claimed to be barred had a "full and fair opportunity" to litigate the claim in the first action. **Benton, Benton & Benton v. Louisiana Pub. Facilities Auth.**, 95-1367 (La.App. 1 Cir. 4/4/96), 672 So.2d 720, 722, writ denied, 96-1445 (La. 9/13/96), 679 So.2d 110, citing **Kremer v. Chemical Construction Corporation**, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). In reviewing the *res judicata* effect of a prior federal judgment, we apply the *de novo* standard of review. **Raj**, 167 So.3d at 1029.

To determine whether the federal court judgment dismissing Morales' state law claims bars Morales from bringing those claims in the instant suit, we first consider the federal doctrine of claim preclusion. Claim preclusion, or "true *res*

---

[4] In the federal system, there are generally two types of jurisdiction in civil cases: federal question jurisdiction and diversity of citizenship jurisdiction. **Raj**, 167 So.3d at 1031. Relevant here is the fact that Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such federal question jurisdiction exists when a federal law creates the cause of action asserted in a complaint. **Id.** Here, Morales asserted claims under the Eighth Amendment, Fourteenth Amendment, and 42 U.S.C. §1983. In the July 2, 2019 written ruling dismissing Morales' federal law claims against the Livingston Parish defendants, the federal court indicated that it would decline to exercise supplemental jurisdiction over Morales' remaining state law claims "in light of the dismissal of the federal claims." It is therefore evident that the federal district court was exercising federal question jurisdiction in this matter.

*judicata,*" treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." **Reeder v. Succession of Palmer**, 623 So.2d 1268, 1271 (La. 1993); **Stewart v. City of Hammond, Louisiana**, 2020-0851 (La.App. 1 Cir. 3/29/21), --- So.3d. ---, ---, 2021 WL 1171074, at *2. The aim of claim preclusion is to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues. Therefore, claim preclusion will apply to bar a subsequent action on *res judicata* principles where parties or their privies have previously litigated the same claim to a valid final judgment. **Id.**

In this matter, Morales does not dispute that the instant suit raises the same claims, against the same parties, as previously asserted in the federal suit. However, exceptions to the federal law of *res judicata* exist. **Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.**, 95-654, 95-671 (La.1/16/96), 666 So.2d 624, 634. Such exceptions include circumstances when there is an express reservation of claims, when the defendant acquiesces in such a reservation, or when the court in the first action has expressly reserved the plaintiff's right to maintain the second action. **Id.** The Louisiana Supreme Court recognized another such exception in **Reeder**, *supra*, finding that *res judicata* based on claim preclusion is precluded if the federal court clearly declined, or clearly would have declined, pendent jurisdiction. **Reeder**, 623 So.2d at 1273; **Terrebonne**, 666 So.2d at 634. This Court applied **Reeder** in **Benton**, 672 So.2d 720, stating that in order for *res judicata* to bar pendent state claims in a subsequent state law proceeding three requirements must be met: first, the federal court must have jurisdiction over the federal law claims; second, it must exercise that jurisdiction and render a judgment on the merits; and third, there must have been pendent state law claims that were not litigated due to a failure of the plaintiff to assert the claims.[5] **Benton**, 672 So.2d at 722.

---

[5] More recently, the Louisiana Supreme Court applied **Reeder** in **O'Brien v. Orleans Par. Sch. Bd.**, 2000-1925 (La. 9/29/00), 769 So.2d 1218.

6

The present case does not meet the **Benton** requirements of *res judicata*. As set forth above, the federal court exercised jurisdiction over Morales' federal law claims, and therefore had pendent jurisdiction over the state law claims that arose out of the same operative facts. However, upon dismissal of the federal law claims, the federal court stated that if Morales sought to amend her complaint, it would decline to exercise pendent jurisdiction over her state law claims and dismissed the state claims without prejudice.[6] Thus, the federal court expressly declined to exercise pendent jurisdiction over Morales' state law claims. Accordingly, the federal doctrine of claim preclusion does not apply in this matter, and Morales is not barred from filing her state law claims in the 21st JDC. See **Samour**, 818 So.2d at 174-75.

We now consider the federal doctrine of collateral estoppel, or issue preclusion. Issue preclusion bars the relitigation of issues actually litigated and necessarily decided in an earlier case between the same parties. Under issue preclusion, once an issue of ultimate fact is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. **Samour**, 818 So.2d at 175. For issue preclusion to apply, the issue in question must have been identical to that in the original action, actually litigated in the original action, and a necessary part of the judgment in the earlier action. **Id.**

In this matter, Dr. McCulloh argues that issue preclusion applies to bar Morales' state law claims in the instant suit. Dr. McCulloh points out that the July 10, 2019 order denying Morales' motion to amend judgment stated that the federal court "chose to exercise supplemental jurisdiction over the state law claims" and

---

[6] Moreover, we note that the United States Supreme Court has determined that a dismissal "without prejudice" is a dismissal that does not bar the plaintiff from filing the same claim at a later date. See **Semtek Int'l Inc. v. Lockheed Martin Corp.**, 531 U.S. 497, 505-06, 121 S. Ct. 1021, 1027, 149 L. Ed. 2d 32 (2001); see also **Rivera v. PNS Stores, Inc.**, 647 F.3d 188, 194 (5th Cir. 2011) ("'Without prejudice' indicates that the suit is dismissed without a decision on the merits and is not conclusive of the rights of the parties"); **Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.**, 818 F.3d 193, 202, fn 25 (5th Cir. 2016) ("As the claim or claims against the nondiverse defendant must be dismissed '*without prejudice*,' the plaintiff is not barred by *res judicata* from refiling those claims in state court if he so desires.").

7

"dismissed the state law claims on a substantive legal finding that Morales had failed to exhaust her state administrative remedies pursuant to the [LPLRA]." Thus, Dr. McCulloh contends that the federal court decided an issue of law which was necessary to the judgment of dismissal, and issue preclusion bars any relitigation of the question of whether Plaintiff exhausted administrative remedies as required by the LPLRA. Dr. McCulloh further maintains that there is no evidence that Morales satisfied exhaustion requirements between the federal dismissal and the filing of her lawsuit in the 21st JDC, such that her claims remain precluded and should be given *res judicata* effect.

We disagree. As set forth above, under issue preclusion, once *an issue of ultimate fact* is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive. **Samour**, 818 So.2d at 175. In the original suit, the July 2, 2019 ruling explicitly stated that the dismissal of Morales' state law claims was based on her failure to *allege* exhaustion of her administrative remedies. Thus, the issue of ultimate fact actually determined by the federal court in the July 2, 2019 ruling was whether Morales *alleged* exhaustion of her administrative remedies. In the instant suit, Morales affirmatively alleged that she exhausted her administrative remedies. Therefore, the issue in the instant matter may more accurately be identified as whether Morales has or has not exhausted her administrative remedies.[7] As the issue previously determined is not identical to the issue presently in question, issue preclusion does not apply.[8]

Moreover, were we to accept Dr. McCulloh's argument, Morales' failure to plead exhaustion in her original suit would effectively become dispositive of the

---

[7] We make no determination and express no opinion as to whether Morales has exhausted her administrative remedies, or whether she might prevail on the merits of her claims in the event that she has done so.

[8] To the extent the federal court's denial of Morales' motion to amend judgment (motion to amend) stated that the July 2, 2019 ruling on the Livingston Parish defendants' motions to dismiss involved a "substantive legal finding that Morales had failed to exhaust her state administrative remedies pursuant to the [LPLRA]," we make several observations. First, the ruling on the motion to amend is not before us. Second, in denying Morales' motion to amend, the federal court expressly, and by definition, maintained the July 2, 2019 ruling on the motion to dismiss in its original form. Third, the ruling on the motion to amend is inconsistent with the text of the July 2, 2019 ruling, which explicitly stated that the dismissal of Morales' state law claims was based on her failure to *allege* exhaustion, and which preemptively stated that the federal court would decline to exercise supplemental jurisdiction if Morales sought to amend her state law claims, as discussed herein.

8

merits of her state law claims. Under federal law, *res judicata* does not apply unless the party claimed to be barred had a full and fair opportunity to litigate the claim in the first action. **Benton**, 672 So.2d at 722; see also James Wm. Moore, *Moore's Federal Practice Third Edition* § 131.41[1] (2014) (noting that "[e]ven if all of the other prerequisites for claim preclusion are met, it will not be applied if the party against whom the prior judgment is asserted did not have a full and fair opportunity to litigate the claim in the prior proceeding"); **Board of Supervisors of Louisiana State Univ. v. Dixie Brewing Co., Inc.**, 2014-0641 (La.App. 4 Cir. 11/19/14), 154 So.3d 683, 692, fn 8. In this matter, the federal court dismissed Morales' claims without prejudice, and preemptively indicated that in the event Morales sought leave to amend her state law claims, the federal court would decline to exercise supplemental jurisdiction over those claims, on the basis of the dismissal of the federal law claims. We do not find that the federal court's refusal to exercise supplemental jurisdiction over Morales' state law claims should deprive Morales of a full and fair opportunity to litigate her state law claims.[9] Finally, we again emphasize that the doctrine of *res judicata* is *stricti juris*, and any doubt concerning application of the principle of *res judicata* must be resolved against its application. **Griffin**, 812 So.2d at 730. Accordingly, we find that the trial court erred in finding that *res judicata* bars Morales from pursuing her state law claims in the 21st JDC.

## CONCLUSION

For the foregoing reasons, we reverse the February 18, 2020 judgment of the trial court granting Dr. McCulloh's exception of *res judicata*. Costs are assessed against Dr. McCulloh.

**REVERSED.**

---

[9] We note this Court's previous opinion in **Webb v. Morella**, 2016-1153 (La.App. 1 Cir. 6/21/17), 224 So.3d 406, but find it to be distinguishable from the matter before us. In **Webb**, the federal court had previously ruled on issues of fact which were necessary to the plaintiffs' state law claims. **Id**. at 411. In this matter, the federal court's ruling addressed Morales' failure to plead exhaustion of administrative remedies in the original suit, and did not make a determination of a contested issue of fact.